IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08- *104* ) |
| JAMAIKA C. SNOW, | ) ) |
| Defendant. | ) |

REDACTED

### INDICTMENT

The Grand Jury for the District of Delaware charges that:

### Introduction

1. At all times relevant to this Indictment, Barclays Bank Delaware ("Barclays") was a federally insured financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (or "FDIC").

2. At all times relevant to this Indictment, Commerce Bank, NA and its successor in interest, TD Bank, NA ("Commerce Bank") was a federally insured financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (or "FDIC").

3. From on or about July 23, 2007 through on or March 18, 2008, Jamaika C. Snow, defendant herein, was employed by Barclays as a Customer Care Representative/Relationship Manager. As part of her job duties, the defendant responded to Barclays credit card customer telephone inquiries and had access to credit card customer data through Barclays computer system, including personal identification information, such as name, address, telephone number, date of birth, social security number and the like.

4. From in or about November 2007 through in or about April 2008, the defendant, Jamaika C. Snow, devised schemes and artifices to defraud Commerce Bank and Barclays, both federally insured

financial institutions, and to obtain funds owned by or under the custody or control of Commerce Bank and Barclays, by means of false and fraudulent pretenses, representations, and promises.

## COUNT 1

### Scheme and Artifice To Defraud - Commerce Bank

5.  Paragraphs 1-4 are incorporated herein by reference.

6.  It was part of the scheme and artifice to defraud Commerce Bank that, on or about January 31, 2008, the defendant opened account Commerce Bank account #xxx-xxx-6278, in the name of Jamaika C. Snow.

7.  It was further part of the scheme and artifice to defraud that, on or about March 18, 2008, the defendant accessed and, without authorization, modified the account information of Barclays credit card customer K.B., account #xxxx-xxxx-xxxx-3684, to reflect an address change from the true account holder's address to the defendant's home address.

8.  It was further part of the scheme and artifice to defraud that the defendant executed a request via Barclays' computer system that new credit cards, in the names of K.B. and L.B., be sent via Federal Express to the defendant's home address. Those Barclays credit cards, for account #xxxx-xxxx-xxxx-3684, were shipped to the defendant's address on or about March 19, 2008, along with several credit card convenience checks in the name and under the address of K.B.

9.  It was further part of the scheme and artifice to defraud that, on or about March 23, 2008, the defendant deposited credit card convenience check #3473 in the amount of $9,895.00, drawn on the Barclays credit card account #xxxx-xxxx-xxxx-3684 in the name of K.B. and made payable to Jamaika Snow, into her Commerce Bank account #xxx-xxx-6278. At the time she made this deposit, the defendant knew that the check, allegedly signed by K.B. and indicating on the memo line that it was

for a "timeshare," was fraudulent. The deposit of Barclays credit card convenience check #3473 fraudulently inflated the balance in the defendant's Commerce Bank account #xxx-xxx-6278.

### Charging Paragraph

10. From on or about January 31, 2008 through on or about March 23, 2008, in the District of Delaware, Jamaika C. Snow, defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud Commerce Bank, N.A., a federally insured financial institution, as described more fully in paragraphs 5 through 9 above, incorporated herein by reference, and, in execution of the scheme, on or about March 23, 2008, the defendant deposited credit card convenience check #3473 payable to Jamaika Snow in the amount of $9,895.00, drawn on Barclays credit card account #xxxx-xxxx-xxxx-3684 in the name and with the address of K.B., into Commerce Bank account #xxx-xxx-6278, held by Jamaika C. Snow, at the Commerce Bank branch located at 2502 Marsh Road, Wilmington, Delaware, all in violation of Title 18, United States Code, Section 1344.

### COUNT TWO

11. On or about March 23, 2008, in the District of Delaware, Jamaika C. Snow, defendant herein, did knowingly use, without lawful authority, a means of identification, that is, the name and address of another person, to wit, K.B., during and in relation to a violation of Title 18, United States Code, Section 1344, as described in paragraphs 5 through 10 above, all in violation of Title 18, United States Code, Section 1028A(1).

### COUNT THREE

### Scheme and Artifice To Defraud - Barclays

12. Paragraphs 1 through 4 are incorporated herein by reference.

13. It was part of the scheme and artifice to defraud Barclays that, in or about November 2007, the defendant, without authorization, began obtaining Barclays credit card customer information and account numbers for her own personal use.

14. It was further part of the scheme and artifice to defraud Barclays that, on or about March 18, 2008, the defendant accessed and, without authorization, modified the account information of Barclays credit card customer A.F., account #xxxx-xxxx-xxxx-3403, to reflect an address change from the true account holder's address to the defendant's home address.

15. It was further part of the scheme and artifice to defraud that the defendant executed a request via Barclays' computer system that a new credit card, in the name of A.F., be sent via Federal Express to the defendant's home address. That Barclays credit card, account #xxxx-xxxx-xxxx-3403, was shipped to the defendant's address on or about March 19, 2008.

16. It was further part of the scheme and artifice to defraud that, on or about March 23, 2008, the defendant used Barclays credit card, account #xxxx-xxxx-xxxx-3403, at an ATM machine in multiple attempts to obtain cash advances from that credit card.

### Charging Paragraph

17. From on or about March 18, 2008 through on or about March 23, 2008, in the District of Delaware, Jamaika C. Snow, defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud Barclays Bank Delaware, a federally insured financial institution, as described more fully in paragraphs 12 through 16 above, incorporated herein by reference, and in execution of the scheme and attempted commission of the scheme, on or about March 23, 2008, the defendant did use Barclays credit card account number xxxx-xxxx-xxxx-3403 at an ATM machine located at a Commerce Bank branch in Wilmington, Delaware in an attempt to obtain a cash advance of approximately $100 from Barclays credit card account number xxxx-xxxx-xxxx-3403, all in violation of Title 18, United States Code, Section 1344.

## COUNT FOUR

On or about April 22, 2008, in the District of Delaware, Jamaika C. Snow, defendant herein, knowingly and with intent to defraud trafficked in and used an unauthorized access device, to wit, a Barclays Bank Delaware credit card, account number xxxx-xxxx-xxxx-1091, in the name of D.H., and by such conduct, on or about April 22, 2008, obtained, via internet commerce, goods, money and services the aggregate value of which was $2,980.99, said trafficking and use affecting interstate commerce, in violation of Title 18, United States Code Section 1029(a)(2).

A TRUE BILL:

_____

COLM F. CONNOLLY
United States Attorney

BY: _____
Shannon T. Hanson
Assistant United States Attorney

Dated: July 10, 2008